**TEXAS EMPLOYMENT COMMISSION,**
Appellant,

v.

**Ridgell J. KELLER, Appellee.**

No. 4904.

Court of Civil Appeals of Texas,
Waco.

March 30, 1970.

**226**

Crawford C. Martin, Atty. Gen., Sam Lane, Asst. Atty. Gen., Austin, for appellant.

Vernon Kelly, Dallas, for appellee.

## OPINION

WILSON, Justice.

The employer filed this suit to review and vacate the decision of the Texas Employment Commission that the employee involved had been discharged, and that he was not disqualified for benefits under Art. 5221b–3, Vernon's Ann.Civ.St. The employer's contention was that the employee voluntarily terminated his employment, and was not discharged.

The trial court rendered judgment setting aside the decision of the Commission, which has appealed. We reverse and render judgment, reinstating and confirming the Commission's decision.

■ This action is governed by the substantial evidence rule. Nelson v. Texas Employment Commission (Galveston Tex. Civ.App., 1956) 290 S.W.2d 708, 710 writ ref. Under that rule the agency's order is presumed to be valid; the burden is on the appealing party to show it is not reasonably supported by substantial evidence; preponderance of evidence is not the test (since there is no trial of fact issues); and the court cannot substitute its discretion for that of the agency. City of San Antonio v. Texas Water Commission (Tex. Sup.1966) 407 S.W.2d 752, 756, 758; 14 Baylor Law Rev. 135.

■ Although the judgment recites: "the court finding no substantial evidence in the statement of facts and conclusions filed by the appeal tribunal", whether the agency actually heard and considered substantial or sufficient evidence is not an issue. The question is whether the evidence existed. Gerst v. Nixon (Tex.Sup.1967) 411 S.W.2d 350, 354.

■ After skimming the inadmissible hearsay evidence from this record, there is some evidence that the employer directed the employee to temporarily "punch out" on the time clock because his disorderly conduct created a disturbance, and that there was no discharge or intention to discharge him. Some of the evidence may even be subject to the interpretation that the employee expressed the intention of "walking off the job". The employee testified, however, that the manager "told me I didn't have a job", and "said I had been fired". The testimony at the trial, however, is not such that it can be held the agency's decision is not reasonably supported by substantial evidence.

The judgment is reversed and judgment is here rendered reinstating and confirming the Commission's decision.