**CIRCUITRONICS, INC., Appellant,**

v.

**TEXAS EMPLOYMENT COMMISSION and Gloria J. Howard, Appellees.**

**No. 19345.**

Court of Civil Appeals of Texas, Dallas.

Jan. 9, 1978.

Rehearing Denied Feb. 9, 1978.

James M. Hurst, Dallas, for appellant.

John Hill, Atty. Gen. of Tex., Gayle Johnson Cipriano, Asst. Atty. Gen., Austin, for appellees.

AKIN, Justice.

Circuitronics, Inc., is appealing from a county court's judgment sustaining the decision of the Texas Employment Commission charging back the unemployment account of appellant for one year because Circuitronics terminated the employment of Gloria J. Howard. The question presented is whether an offer to rehire the former employee in the same position and at the same salary is an offer of "suitable work" under Tex.Rev.Civ.Stat.Ann. article 5221b–3(c) (Vernon 1971). We hold that it is and, accordingly, modify the judgment of the trial court.

Trial was upon stipulated facts. On February 2, 1975, Gloria Howard was discharged from Circuitronics, Inc. Approximately two to three weeks later, the supervisor who had discharged her was also discharged. Howard filed her claim for unemployment benefits on July 2, 1975, and on July 8, appellant offered to rehire her. It was also stipulated that on July 8, Howard probably did not know that the supervisor who had discharged her had himself been discharged. On July 25, Howard was declared eligible for unemployment benefits and the Texas Employment Commission issued its order that appellant's account be charged back for a period of one year. At a formal hearing on August 25, before the appeals tribunal of the employment commission, Circuitronics made a second offer to rehire Howard in the same job with the same wages but informed Howard that the supervisor who had discharged her had also been discharged. She was told at this time that the president of Circuitronics had not participated in or been aware of the circumstances of her discharge. Nevertheless, she refused re-employment and the Commission's decision was affirmed by the appeals tribunal of the Commission. Circuitronics then appealed to the county court, which found that the Commission's decision was supported by substantial evidence and that the job offer was not an offer of "suitable work" under Tex.Rev.Civ.Stat.Ann. article 5221b–3(c) (Vernon 1971).

■ Appeals from orders of the Texas Employment Commission are governed by the substantial evidence rule. *Texas Employment Commission v. Holberg*, 440 S.W.2d 38 (Tex. 1969); *Texas Employment Commission v. Keller*, 456 S.W.2d 225 (Tex. Civ.App.—Waco 1970, no writ). In order

for an appealing party to prevail it has the burden to show that the Commission's decision was not reasonably supported by substantial evidence. *De Leon v. Texas Employment Commission,* 529 S.W.2d 268 (Tex. Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.); *City of San Antonio v. Texas Water Commission,* 407 S.W.2d 752 (Tex. 1966); *Texas Employment Commission v. Keller, supra,* or stated another way, the Commission's decision was arbitrary, unreasonable, capricious and was made without regard to the facts or to law, *De Leon v. Texas Employment Commission, supra; Texas Employment Commission v. Holberg, supra.*

■ Circuitronics concedes that, under the substantial evidence rule, it was responsible for Howard's unemployment from July 2 to August 25, 1975. However, with respect to the period after August 25, Circuitronics argues that the trial court erred in sustaining the Commission's decision to charge back its unemployment account because it offered Howard employment in her former position, at the same salary, and without the presence of the objectionable supervisor. Circuitronics asserts that the second offer was an offer of suitable employment as a matter of law. In support of this contention, Circuitronics cites article 5221b–3(c) which provides:

> If the Commission finds that during his current benefit year he has failed, *without good cause . . . to accept suitable work when offered him . . . .* Such disqualification shall be for not less than one (1) nor more than thirteen (13) benefit periods following the failure, as described above to apply for or accept suitable work, the degree of disqualification to be determined by the Commission according to the circumstances in each case. [Emphasis added]

Article 5221b–3(c)(1) sets forth the standards to determine whether work is suitable. It provides:

> In determining whether or not any work is suitable for an individual, the Commission shall consider the degree of risk involved to his health, safety and morals at the place of performance of his work, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and *prospects for securing local work in his customary occupation,* and the distance of the available work from his residence. [Emphasis added]

As we read these statutes, the job offer of August 25 was an offer of suitable work within the language of the act and Howard's refusal was without good cause, as a matter of law. Accordingly, we hold that neither the commission nor the trial court was justified in charging back Circuitronics' unemployment account after that time. To hold otherwise would frustrate one of the basic purposes of the Texas Unemployment Compensation Act, Tex.Rev.Civ.Stat.Ann. article 5221b–1 (Vernon 1971), that is, to provide stable employment. To permit a charge back under these circumstances would penalize Circuitronics for attempting to accomplish the very purpose of the act. In *Rowan Oil Co. v. Texas Employment Commission,* 152 Tex. 607, 263 S.W.2d 140, 143 (1953), the supreme court stated:

> . . . [O]ne purpose of Article 5221b is to prevent unemployment and . . . the whole structure of the act tends to stabilize employment by rewarding the employer who provides stable employment . . . . .

The Commission argues that Circuitronics' offer was not made in good faith in that it was an attempt to bring about Howard's disqualification for benefits. No evidence supporting this contention exists, nor can any reasonable inference of bad faith be drawn from the record. Indeed, in our view, the motive behind the offer is immaterial since, if the offer is accepted, the purpose of the act is accomplished.

Accordingly, the trial court's judgment is modified by limiting the charge back to Circuitronics' unemployment account to reflect unemployment benefits paid to Howard from July 2, 1975 to August 25, 1975, and not thereafter.

Judgment modified and affirmed.