**E.G. HAAS, Appellant,**

v.

**TEXAS EMPLOYMENT COMMISSION, Appellee.**

**No. 05–83–00561–CV.**

Court of Appeals of Texas, Dallas.

June 20, 1984.

Joselle M. Albracht, North Central Texas Legal Services Foundation, Inc., Dallas, for appellant.

Charles J. Quaid, Ronald E. Massingill, Dallas, for appellee.

Before STOREY, WHITHAM and SHUMPERT, JJ.

SHUMPERT, Justice.

This appeal is from a judgment upholding a Texas Employment Commission decision that appellant Haas was not entitled to

unemployment benefits because he was guilty of misconduct at work. We agree with the trial court that there was substantial evidence to support the Commission's decision, and consequently, we affirm.

Texas Employment Commission decisions are reviewed under the "substantial evidence trial de novo" standard. TEX. REV.CIV.STAT.ANN. art. 6252–13a § 21(g) (Vernon Supp.1984); *Texas Employment Commission v. Bell Helicopter International Inc.,* 627 S.W.2d 524, 526 (Tex.App.—Fort Worth 1982, writ ref'd n.r. e.); *Instant Photo, Inc. v. Texas Employment Commission,* 650 S.W.2d 196, 197 (Tex.App.—San Antonio 1983, no writ). This standard mandates a trial de novo without regard to the evidence heard by the Commission, unless evidence of the Commission hearing is properly introduced in the trial court. *Instant Photo,* 650 S.W.2d at 198. Under this standard, the issue is whether the evidence introduced before the trial court shows facts in existence, as of the time the agency decision was made, of such a substantial nature as to reasonably support the decision. *Texas Employment Commission v. City of Houston,* 616 S.W.2d 255, 258 (Tex.Civ. App.—Houston [1st Dist.]), writ ref'd n.r.e. per curiam, 618 S.W.2d 329 (Tex.1981); *Circuitronics v. Texas Employment Commission,* 561 S.W.2d 555 (Tex.Civ.App.— Dallas 1978, writ ref'd n.r.e.). The appellate court's sole function is to decide whether the evidence is such that reasonable minds could not have reached the conclusion the administrative body must have reached in order to justify its actions, *Texas Employment Commission v. Riddick,* 485 S.W.2d 849 (Tex.Civ.App.—Texarkana 1972, no writ), or stated differently, whether the Commission's decision was arbitrary, unreasonable, capricious, and was without regard to the facts or the law. *Circuitronics,* 561 S.W.2d at 557.

In the trial court here, a transcript of the Commission hearing was introduced. We may, therefore, consider that transcript as well as the statement of facts compiled in the trial court.

The Texas Employment Commission hearing officer found that Haas sold beer to minors and sold beer and wine to customers for less than the retail price. Haas denied that he ever sold beer to minors or gave discounts to customers, and argues that since his manager Ranous never actually saw him sell alcohol to a minor, that the decision to deny him benefits on the basis of misconduct was arbitrary, without regard to the facts, and was based on circumstantial suspicions only. He contends that the evidence of these alleged violations cannot support the finding of misconduct necessary to deny him unemployment benefits.

We hold that there was substantial evidence to support the Commission's decision denying Haas benefits. Ranous testified at the Commission hearing that he saw Haas accept a student I.D. as identification for the sale of beer. Expanding on this at trial, Ranous stated that a young man entered the store and asked for a six pack of beer. Haas placed the beer on the counter. Ranous told Haas that he would need some identification from the customer. The customer produced a student I.D. which Haas examined and returned, continuing to ring up the sale. Ranous intervened to prevent the sale stating that a student I.D. was insufficient. The store policy was that the only acceptable identification was a driver's license or a Department of Public Safety identification card, and that without proper identification, the store policy was to assume the person was a minor. All employees were informed of this policy, and Ranous testified that Haas was previously warned personally.

Another reason given for Haas' discharge was that he gave discounts to customers. Ranous saw Haas ring up a price which was considerably less than the marked price for some merchandise. The store policy was to not give discounts to anyone, and employees were reminded of this policy at least once.

TEX.REV.CIV.STAT.ANN. art. 5221b–3 (Vernon Supp.1984) provides in pertinent part:

An individual shall be disqualified for benefits:

(b) If the Commission finds he has been discharged for misconduct connected with his last work.

TEX.REV.CIV.STAT.ANN. art. 5221b–17 (Vernon Supp.1984) defines misconduct as follows:

(q) "Misconduct" means mismanagement of a position of employment by action or inaction, neglect that places in jeopardy the lives or property of others, intentional wrongdoing or malfeasance, intentional violation of a law, or violation of a policy or rule adopted to ensure orderly work and the safety of employees, but does not include an act of misconduct that is in response to an unconscionable act of an employer or superior.

This definition of misconduct was added to the statute in 1981 and has not yet been construed in case law. Haas cites *Texas Employment Commission v. Ryan*, 481 S.W.2d 172, 176 (Tex.Civ.App.—Texarkana 1972, no writ), and *City of Dallas v. Texas Employment Commission*, 626 S.W.2d 549 (Tex.Civ.App.—Texarkana 1981, no writ), for the proposition that misconduct, sufficient to disqualify a person from receiving benefits, must be wanton, willful, or deliberate. We disagree with Haas' contention. Those cases are not controlling here because the legislature has now defined what constitutes misconduct. We hold that to be guilty of misconduct under art. 5221b–17(q), the performance of one of the prohibited acts listed in that section is sufficient, and it need not be shown that the behavior was wanton, willful, or deliberate, because the statute does not use that terminology.

Haas' "sale" to a minor constituted misconduct under the statute because it violated a policy or rule adopted to ensure orderly work and jeopardized the property of others. The reason for the rule requiring a certain type of identification is to have a clear standard for employees to follow in determining whether identification is sufficient. This is necessary to prevent the sale of alcohol to minors, the occurrence of which could cost the store its liquor license. Haas' failure to ask for proper identification jeopardized the property, i.e. the liquor license, of the store owner. It does not matter that the "sale" was not completed. The testimony shows that the "sale" would have been completed had Ranous not intervened.

Haas's ringing up of a lower than retail price constituted misconduct because it was mismanagement of his position as a clerk if it was intentional, and neglect jeopardizing the property of the store owner if unintentional. We hold that the Committee's decision disqualifying Haas from unemployment benefits was reasonably supported by substantial evidence, and was not arbitrary, unreasonable, capricious, or made without regard to the law or the facts.

Appellant also contends that he was denied procedural due process. He contends that the employer's testimony regarding alleged instances of misconduct that were not mentioned in the Employer's Response to Initial Claim denied him due process because he was not adequately prepared to respond to these allegations. We disagree that there was a denial of due process.

Procedural due process, including a meaningful evidentiary hearing with the right to be heard, upon timely and adequate notice, is required in administrative agency proceedings. *Goldberg v. Kelley*, 397 U.S. 254, 267–268, 90 S.Ct. 1011, 1020, 25 L.Ed.2d 287 (1970); *Lewis v. Metropolitan Savings & Loan Assn.*, 550 S.W.2d 11, 13 (Tex.1977). Haas was ultimately denied benefits for the incidents of which he had notice, and not for the other instances about which there was testimony. Consequently, there was no denial of procedural due process.

The judgment is affirmed.