**Carl J. LAIRSON, Appellant,**

v.

**TEXAS EMPLOYMENT COMMISSION and Air Treads, Inc., Appellees.**

No. 2–87–007–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 17, 1987.

West Tex. Legal Services, and Joan Parks Saunders, Denton, for appellant.

Jim Mattox, Atty. Gen., Mary Keller, Exec. Asst., Harriet D. Burke, Asst. Atty. Gen., Chief, Taxation Div., and William E. Storie, Asst. Atty. Gen., Austin, for appellee Texas Employment Com'n.

George Dunlap, David McCracken, Strasburger & Price, and Celeste Geier, Dallas, for appellee Air Treads, Inc.

1. The record reflects that approximately two thirds of Air Treads' employees were union members and that the attendance policy was

Before BURDOCK, FARRIS and KELTNER, JJ.

## OPINION

FARRIS, Justice.

Appellant, Carl Lairson, was discharged from his position as a quality control inspector at Air Treads, Inc., a company that retreads tires for aircraft landing gear. The Texas Employment Commission found that appellant was discharged for misconduct in connection with his work and denied unemployment benefits. Appellant appealed the denial of benefits to the district court, which found the Commission's decision to be supported by substantial evidence.

We affirm.

Appellant's employment was terminated for violating a company attendance policy. The policy provided that an employee who failed on two separate occasions to inform his supervisor within two hours of his scheduled starting time that he would be absent or late could be terminated.[1] Appellant had previously been disciplined for violating the rule. On this occasion, appellant's truck broke down on the highway on the way to work. Appellant chose to try to repair his vehicle instead of seeking a telephone to contact his employer. As a result, appellant failed to meet the two-hour deadline and was terminated by his employer.

Appellant attacks the Commission's findings on two fronts. First of all, appellant contends that the Commission applied the wrong standard in determining that his acts constituted misconduct and that his employer's attendance policy was unreasonable. Second, appellant asserts that the trial court's decision is unsupported by the evidence and is contrary to the law.

■ A person is ineligible to receive unemployment compensation benefits if "he has been discharged for misconduct connected with his last work." TEX.REV.

originally proposed to Air Treads by the Teamsters Union in 1983.

CIV.STAT.ANN. art. 5221b–3(b) (Vernon 1987). Misconduct is defined by statute as:

[M]ismanagement of a position of employment by action or inaction, neglect that places in jeopardy the lives or property of others, intentional wrongdoing, or malfeasance, intentional violation of a law, *or violation of a policy or rule adopted to ensure orderly work and the safety of employees,* but does not include an act of misconduct that is in response to an unconscionable act of an employer or superior.

TEX.REV.CIV.STAT.ANN. art. 5221b–17(q) (Vernon 1987) (emphasis added). Appellant does not dispute that Air Treads' policy is a "policy or rule adopted to ensure orderly work."

Appellant argues that "misconduct" within the meaning of article 5221b–17(q) requires a showing of intent, citing *Mercer v. Ross,* 701 S.W.2d 830 (Tex.1986) and *City of Dallas v. Texas Employment Com'n,* 626 S.W.2d 549 (Tex.App.—Texarkana 1981, no writ) as authority to support his position. Both cases are distinguishable. *City of Dallas* was decided before the definition of misconduct in subsection (q) was added to the statute. *See Haas v. Texas Employment Com'n,* 683 S.W.2d 462, 465 (Tex.App.—Dallas 1984, no writ). Thus, "it need not be shown that the behavior was wanton, willful, or deliberate, because the statute does not use that terminology." *Id. Mercer* states that "mismanagement, *not misconduct in general,* requires intent...." *Mercer,* 701 S.W.2d at 831 (emphasis added). Mismanagement is only one of the prohibited acts constituting misconduct contained within article 5221b–17(q). We decline to require a showing of intent for violation of a company rule where none is required under the statute.

■ Appellant also argues that in order for violation of a company rule to constitute misconduct, the rule must be a reasonable one. While we agree with this principle, appellant has failed to affirmatively demonstrate either at trial or on appeal how this attendance policy is unreasonable.

■ We hold that the Commission applied the proper legal standard in determining that appellant's violation of the attendance policy was misconduct disqualifying him from unemployment compensation benefits. Appellant's first point is overruled.

■ Appellant's second point of error attacks the sufficiency of the evidence. The trial court must determine whether there is substantial evidence to support the agency's ruling. *Mercer,* 701 S.W.2d at 831; *Haas,* 683 S.W.2d at 464. Under the substantial evidence standard of review, the issue is whether the evidence introduced before the court shows facts in existence at the time of the administrative decision which reasonably support the decision. *See Firemen's & Policemen's Civ. Serv. v. Brinkmeyer,* 662 S.W.2d 953, 956 (Tex. 1984). The reviewing court may not set aside a decision of the Commission merely because testimony conflicted or did not compel the result reached by the agency. *See id.* at 956. The decision may be set aside only if the court finds that the decision was made without regard to the law or the facts and was therefore unreasonable, arbitrary, or capricious. *See Mercer,* 701 S.W.2d at 831.

■ Having reviewed the evidence with these principles in mind, we hold that there was substantial evidence to support the Commission's ruling. The evidence reflected that appellant was aware of the terms of the absentee policy and had been previously disciplined for violating it. Appellant also admitted that he chose to try to repair his vehicle instead of seeking a telephone.

We agree with the trial court that there was substantial evidence to support the Commission's decision. We overrule appellant's second point of error.

The judgment of the trial court is affirmed.