Robert E. KAMINSKI, Appellant,

v.

TEXAS EMPLOYMENT COMMISSION
and M.O.V., Inc., Appellees.

No. A14–92–00352–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 11, 1993.

Rehearing Denied March 18, 1993.

Bruce V. Griffiths, Bellaire, for appellant.

Anthony Aterno, Austin, for appellees.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a summary judgment upholding an administrative decision of the Texas Employment Commission (TEC) which denied the appellant unemployment compensation. The appellant's employer fired him after he refused to submit to urinalysis for drugs. The TEC denied the appellant's request for unemployment benefits after it determined that his refusal to submit to the test constituted job-related misconduct. The appellant appealed the TEC's decision in district court pursuant to TEX.REV.CIV.STAT.ANN. art. 5221b–4(i) (Vernon 1987). The appellant and the TEC filed motions for summary judgment. The trial court granted the TEC's motion for summary judgment after finding substantial evidence supporting the TEC's decision.

In three points of error, the appellant argues the trial court erred in granting the TEC's motion for summary judgment. In his first point of error, the appellant argues that the TEC's decision was not supported by substantial evidence because his refusal to submit to urinalysis did not constitute misconduct under the Unemployment Compensation Act.[1] His second and third points of error contend that the denial of unemployment compensation under

1. TEX.REV.CIV.STAT.ANN. art. 5221b–17(q) (Vernon 1987).

these facts violates his rights under the Texas and United States Constitutions.

We first consider whether there was substantial evidence to support the TEC's decision. The relevant facts are undisputed. The appellant worked as a shipping and receiving clerk for M.O.V., Inc. (MOV). The company manufactures, distributes and installs industrial valves. In August of 1986, MOV distributed an open letter to all of its employees informing them that they may be subjected to medical testing to determine if they were using illegal drugs. The appellant signed a copy of the letter. His affidavit testimony indicates he signed the letter because he understood it to be a condition of his continued employment. In January of 1987, the appellant received a written notice informing him that he would be required to submit to urinalysis. He signed this notice because he understood his consent was a condition of his continued employment. In February of 1987, MOV asked the appellant to report to a clinic to submit to urinalysis. He signed a notice of intent to conduct drug screening which was identical to the notice he signed in January. However, he refused to consent to the test because he believed it violated his rights, and he objected to producing the specimen in front of a witness. As a result, MOV fired him.

■ The TEC determined that the appellant's refusal to submit to the test constituted misconduct. On appeal to the district court, the trial judge found the TEC's decision was supported by substantial evidence. We agree. Misconduct is defined by TEX. REV.CIV.STAT.ANN. art. 5221b–17(q). The definition includes violations of policies or rules adopted to ensure orderly work and the safety of employees. While the appellant agrees that he violated his employer's rule, he argues this did not amount to misconduct because the rule was unreasonable. See Texas Employment Commission v. Hughes Drilling Fluids, 746 S.W.2d 796 (Tex.App.—Tyler 1988, writ denied); Lairson v. Texas Employment Commission, 742 S.W.2d 99 (Tex.App.—Fort Worth 1987, no writ).

We agree that it would be unfair to deny unemployment compensation benefits to an employee who is discharged for violation of an unreasonable rule or policy. However, the record in the present case shows that MOV's drug testing policy was reasonable. All employees were required to submit to urinalysis. The record shows two different factors that led to implementation of the policy. First, the president of MOV found a marijuana cigarette in one of the company trucks. This led to the open letter issued to all employees in August of 1986. Second, in December of 1986, one of MOV's largest customers, Exxon, informed MOV that all contract employees entering its refinery had to be tested for drugs. This led to the eventual testing of all employees.

The appellant argues the policy was unreasonable because he was never specifically suspected of using drugs, he never worked at the Exxon refinery, and the test violated his right of privacy by requiring a witness to be present. As mentioned, all MOV employees were required to submit to urinalysis. Furthermore, the appellant's duties included operating a fork lift and moving company trucks in and out of the shop. Even though he never worked at the Exxon refinery, it is reasonable to require a person operating heavy equipment to submit to drug testing.

The appellant also argues that the intrusive nature of the test renders the policy unreasonable as a matter of law. Other courts of appeals have found similar drug testing policies to be reasonable. See Texas Employment Commission v. Hughes Drilling Fluids, 746 S.W.2d 796 (Tex.App.—Tyler 1988, writ denied); Jennings v. Minco Technology Labs, Inc., 765 S.W.2d 497 (Tex.App.—Austin 1989, writ denied). We cannot say the policy is unreasonable as a matter of law. Since the TEC's decision is supported by substantial evidence, we overrule the appellant's first point of error.

■ We now consider whether the denial of unemployment benefits under these facts violated the appellant's constitutional rights of privacy. In support of his argument that the denial of benefits violated his

rights under the Texas Constitution, the appellant relies on *Texas State Employees Union v. Texas Dept. of Mental Health and Retardation,* 746 S.W.2d 203 (Tex. 1987). In that case, state employees sued the Department of Mental Health and Retardation to invalidate a policy of mandatory polygraph testing. The supreme court held the Department's interest in providing a safe environment for its patients was not sufficiently compelling to override the employees' right of privacy. *Id.* at 206.

The appellant argues *Texas State Employees Union* is precisely on point. We disagree. That case involved testing by a governmental agency. This case involves testing by a private employer. The appellant contends that the TEC's denial of unemployment benefits constitutes sufficient state action to invoke the protections of the Texas Constitution and the United States Constitution. He relies on United States Supreme Court cases holding that the denial of unemployment compensation involves state action for constitutional purposes. *See Hobbie v. Unemployment Appeals Commission,* 480 U.S. 136, 107 S.Ct. 1046, 94 L.Ed.2d 190 (1987); *Thomas v. Review Board of Indiana Employment Security Division,* 450 U.S. 707, 101 S.Ct. 1425, 67 L.Ed.2d 624 (1981); *Sherbert v. Verner,* 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963). However, each of these cases holds that a state cannot condition the availability of unemployment benefits on an individual's willingness to forego conduct required by his religion. We refuse to extend these cases beyond the denial of benefits in violation of the Free Exercise Clause of the First Amendment. We overrule the appellant's second point of error.

■ In his third point of error, the appellant argues that requiring him to submit to urinalysis constitutes an unreasonable search under the Fourth Amendment of the United States Constitution. He relies on *Skinner v. Railway Labor Executives' Association,* 489 U.S. 602, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989), and *National Treasury Employees Union v. Von Raab,* 489 U.S. 656, 109 S.Ct. 1384, 103 L.Ed.2d 685 (1989). These cases hold that mandatory urinalysis

testing of employees by government agents constitutes a search, and therefore must be reasonable. The present case does not involve a search by a government agent. The Fourth Amendment is not implicated. We overrule the appellant's third point of error and affirm the trial court's judgment.