# NO. 12-24-00028-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JESSICA WILLIAMS,*<br>*APPELLANT* | § | *APPEAL FROM THE 402ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *TEXAS WORKFORCE COMMISSION*<br>*AND VICTORY LENDING, LLC,*<br>*APPELLEES* | § | *WOOD COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jessica Williams, acting pro se, appeals from a summary judgment rendered against her in favor of the Texas Workforce Commission (TWC) and Victory Lending, LLC. She presents six issues on appeal. We affirm.

### BACKGROUND

Williams worked at Victory Lending as an account manager from October 2021 until March 2022, when she was terminated for violating Victory's attendance policy. Williams then sought unemployment benefits from TWC. TWC denied Williams's application on April 14, 2022. Williams challenged that ruling on April 20. The TWC Appeal Tribunal ruled that Williams was terminated for work-related misconduct, which disqualified her from receiving unemployment benefits under the Texas Labor Code. Specifically, the tribunal made the following finding:

> The employer discharged the claimant from work based on her being late to work and incurring the requisite number of points to be terminated by employer policy. The employer policy states that six (6) occurrences within a twelve (12) month period for being absent or tardy to work, will

lead to termination. The claimant received her final point on March 9, 2022, when she clocked in two (2) hours late for work. The employer then discharged her based on her attendance record.

. . .

In this case, the claimant [ ] violated employer's attendance policy. The employer's policy was reasonable and the claimant had adequately been warned. As such, the hearing officer concludes that the claimant was discharged for misconduct connected with the work.

Williams appealed the tribunal's decision and the TWC Commissioners affirmed the decision on November 20. Williams then filed suit for judicial review of TWC's decision on March 22, 2023. TWC and Victory filed a joint motion for summary judgment, arguing that substantial evidence supported TWC's decision, necessitating summary judgment. Following a hearing, the trial court granted the motion. This appeal followed.

## SUMMARY JUDGMENT

In her first and sixth issues, Williams argues the trial court erred when it granted summary judgment against her. Specifically, she contends Victory fabricated the fact that it warned her about her poor attendance, forged the attendance report it submitted to TWC, and terminated her employment in retaliation for filing complaints against other employees.

### Standard of Review

We review a summary judgment de novo. *Knopf v. Gray*, 545 S.W.3d 542, 545 (Tex. 2018) (per curiam). We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Summary judgment is proper when there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

Trial courts may grant summary judgment in judicial review of TWC decisions. *See Blanchard v. Brazos Forest Prods., L.P.,* 353 S.W.3d 569, 572 (Tex. App.—Fort Worth 2011, pet. denied). However, appellate review of a summary judgment affirming a TWC determination is different from review of a typical summary judgment. *See Murray v. Tex. Workforce Comm'n,* 337 S.W.3d 522, 524 (Tex. App.—Dallas 2011, no pet.).

Trial courts review TWC decisions regarding unemployment benefits "by trial de novo based on the substantial evidence rule." TEX. LAB. CODE ANN. § 212.202(a) (West 2015); *Collingsworth Gen. Hosp. v. Hunnicutt*, 988 S.W.2d 706, 708 (Tex. 1998). Under this standard, the TWC's ruling carries a presumption of validity, and the party seeking to set aside the decision has the burden of showing that it was not supported by "substantial evidence." *Collingsworth Gen. Hosp.*, 988 S.W.2d at 708; *Spicer v. Tex. Workforce Comm'n*, 430 S.W.3d 526, 532 (Tex. App.—Dallas 2014, no pet.). "Substantial evidence" is more than a scintilla and less than a preponderance. *Terrill v. Tex. Workforce Comm'n*, No. 05-17-00349-CV, 2018 WL 1616361, at *2 (Tex. App.—Dallas Apr. 4, 2018, no pet.) (mem. op.). The evidence in the record may preponderate against the TWC's decision but still amount to substantial evidence. *Spicer*, 430 S.W.3d at 533. For the TWC decision to be set aside, it must have been made without regard to the law or the facts, and thus, be unreasonable, arbitrary, or capricious. *Murray*, 337 S.W.3d at 524. TWC is the primary factfinder, and the reviewing court may not substitute its judgment for TWC's on controverted fact issues. *Blanchard*, 353 S.W.3d at 572.

Whether TWC's decision is supported by substantial evidence is a question of law. *Id*. Stated simply, the standard of review requires this court to determine whether the summary judgment evidence proves as a matter of law that substantial evidence—more than a mere scintilla, but less than a preponderance—supports TWC's decision to deny benefits to Williams. *See id*. at 573. This analysis places a much lower burden on the movant than in the ordinary summary judgment context. *See id*. at 573–74.

**Applicable Law**

Section 207.044(a) of the Texas Unemployment Compensation Act (TUCA) provides that "[a]n individual is disqualified for benefits if the individual was discharged for misconduct connected with the individual's last work." TEX. LAB. CODE ANN. § 207.044(a) (West 2015). "Misconduct" includes the "violation of a policy or rule adopted to ensure the orderly work and the safety of employees." *Id*. § 201.012(a) (West 2015). An attendance policy is one "adopted to ensure the orderly work and safety of employees." *See Lairson v. Texas Emp't Comm'n*, 742 S.W.2d 99, 101 (Tex. App.—Fort Worth 1987, no writ). Violation of an attendance policy, therefore, may constitute misconduct. *Id*.; *Murray*, 337 S.W.3d at 524.

**Analysis**

The "Attendance and Punctuality" section of Victory's employee handbook states that two or more occurrences of unexcused absence in a thirty-day period will result in disciplinary action and six occurrences of unexcused absence in a twelve-month period are considered grounds for termination. An unexcused absence counts as one occurrence while late arrivals and early departures count as one-half of an occurrence. Williams's attendance report shows that she accumulated nineteen occurrences against her attendance during her employment with Victory from October 2021 to March 2022. On January 20, 2022,[1] Victory warned Williams during a meeting with two managers and a human resources representative that her employment could be terminated should her attendance violations continue. However, Williams accrued ten and one-half occurrences after this meeting. Her employment was terminated on March 24, 2022. The final determination of her termination was "excessive absenteeism." This constitutes substantial evidence that Williams engaged in misconduct and is disqualified from receiving unemployment benefits.

Williams attempted to create a fact issue regarding the circumstances of her termination by attaching an affidavit to her response. In her affidavit, Williams claims that she was neither late nor absent on several of the dates listed in her attendance report. In addition, she urges that she was never warned about the consequences of absenteeism. She claims that a meeting occurred on January 24, 2022, but that attendance was not discussed. Williams further urges that she received the employee handbook on February 8, 2022, but was unaware of the point system for tardiness, unexcused absences, and early departures.

When reviewing the TWC's decision, it matters not whether contrary evidence was presented because we do not reweigh the evidence and substitute our findings. *See Kaup v. Tex. Workforce Comm'n*, 456 S.W.3d 289, 295 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Instead, we only consider whether there is more than a scintilla of evidence in support of the TWC's decision. *Id*. Even if we believed Williams's facts, we cannot substitute our judgment for that of the TWC. *See Blanchard*, 353 S.W.3d at 572. And even if the evidence in the record were to preponderate against TWC's decision, it can still amount to substantial evidence. *See Spicer*, 430 S.W.3d at 533.

---

[1] In an e-mail to Williams following her discharge, a human resources representative stated that the conversation occurred on January 20, 2020; however, the year 2020 appears to be a typographical error because it predates Williams's employment.

Because there is substantial evidence to support the TWC's decision and we must give deference to that decision, the trial court did not err in granting TWC's and Victory's motion for summary judgment. Therefore, we overrule Williams's first and sixth issues.

<h3 style="text-align:center">REMAINING ISSUES</h3>

In her second issue, Williams complains that her trial counsel "was unreachable, missed deadlines, and failed to respond to defendants [sic] initial disclosures." She further complains that her counsel filed nothing on her behalf other than a response to the motion for summary judgment. To the extent she argues that her counsel's conduct should have been considered in defense to the summary judgment, she did not raise that issue in the trial court. *See* TEX. R. APP. P. 33.1 (as a predicate to presenting a complaint on appeal, the complaining party must have preserved the error at trial by a proper request, objection, or motion stating the grounds for the ruling that the party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, and then securing a ruling on the request, objection, or motion). And to the extent she attempts to raise a claim of ineffective assistance of counsel, that doctrine does not apply to civil cases. ***Manigault v. Thorn-Henderson***, No. 12-14-00156-CV, 2016 WL 786865, at *3 (Tex. App.—Tyler Feb. 26, 2016, no pet.) (mem. op.) (citing ***Cherqui v. Westheimer St. Festival Corp.***, 116 S.W.3d 337, 343 (Tex. App.—Houston [14th Dist.] 2003, no pet.)); ***McCoy v. Tex. Instruments, Inc.***, 183 S.W.3d 548, 553 (Tex. App.—Dallas 2006, no pet.). We overrule Williams's second issue.

In her third issue, Williams contends the trial court erred "when it found that the Defendants, Texas Workforce Commission and Victory Lending, LLC., was [sic] not vicariously liable for their actions as a public servant and employer for the State of Texas." This issue was not before the trial court as the case was simply a de novo review of the denial of Williams's claim for unemployment benefits. As a result, the trial court could not have ruled on any such request because it was not made, and Williams failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1. We overrule Williams's third issue.

In her fourth issue, Williams asserts the trial court engaged in "ex parte communication" when it accepted a binder from TWC's attorney containing the relevant pleadings prior to the summary judgment hearing. The rules of judicial conduct forbid judges from initiating, permitting, or considering ex parte or other private communications concerning the merits of a

pending or impending judicial proceeding. TEX. CODE OF JUD. CONDUCT, Canon 3, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. C (West Supp. 2023). An ex parte communication is one that involves fewer than all of the parties who are legally entitled to be present during the discussion of any matter with the judge. *Erskine v. Baker*, 22 S.W.3d 537, 539 (Tex. App.—El Paso 2000, pet. denied); *Youkers v. State*, 400 S.W.3d 200, 206 (Tex. App.—Dallas 2013, pet. ref'd.). Ex parte communications are prohibited because they are inconsistent with the principles of an impartial judiciary and a litigant's right to be heard. *Erskine*, 22 S.W.3d at 539; *Youkers*, 400 S.W.3d at 206. The record demonstrates that Williams's counsel was present at the bench during this encounter; therefore, the trial court did not, by definition, engage in ex parte communication. We overrule Williams's fourth issue.

In her fifth issue, Williams argues the trial court erred in failing to hold a hearing on her motion for reconsideration following the summary judgment. A trial court need not hold a hearing on a motion for reconsideration or new trial unless the motion presents questions of material fact upon which evidence must be developed and heard. *See Estate of Pollack v. McMurrey,* 858 S.W.2d 388, 392 (Tex. 1993); *Hamilton v. Thompson*, No. 12-07-00231-CV, 2008 WL 2571899, at *2 (Tex. App.—Tyler June 30, 2008, pet. denied) (mem. op.). In her motion for reconsideration, Williams references perjury, forgery, and misrepresentations but does not direct either the trial court or this Court to what evidence would have caused the trial court to rule differently. Therefore, the trial court did not err in failing to hold a hearing on her motion for reconsideration. Williams's fifth issue is overruled.

### DISPOSITION

Having overruled Williams's first, second, third, fourth, fifth, and sixth issues, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered August 29, 2024.
*Panel consisted of Worthen, C.J, Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 29, 2024**

**NO. 12-24-00028-CV**

**JESSICA WILLIAMS,**
Appellant
V.
**TEXAS WORKFORCE COMMISSION AND VICTORY LENDING, LLC,**
Appellees

---

Appeal from the 402nd District Court

of Wood County, Texas (Tr.Ct.No. 2023-162)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, JESSICA WILLIAMS, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J, Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*