Terry M. EDWARDS, Appellant,

v.

TEXAS EMPLOYMENT COMMISSION, Appellee.

No. 2–96–084–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 19, 1996.

Rehearing Overruled Jan. 23, 1997.

Robert Hampton, West Texas Legal Services, Wichita Falls, for Appellant.

Dan Morales, Attorney General of Texas, Jorge Vega, First Attorney General for Litigation, Laquita Hamilton, Deputy Attorney General for Litigation, Lucy Glover, Assistant Attorney General Chief, Taxation Division, James T. Parsons, Assistant Attorney General, Austin, for Appellee.

Before DAY, DAUPHINOT and BRIGHAM, JJ.

## OPINION

DAY, Justice.

Appellant Terry M. Edwards appeals a trial court decision affirming a Texas Employment Commission ("TEC") decision that he is ineligible to receive unemployment benefits because his former employer, Winn–Dixie, terminated him for misconduct. We find that substantial evidence supports the TEC decision that Winn–Dixie discharged Edwards for violating a reasonable employer policy. Accordingly, we affirm the judgment of the trial court.

Edwards raises three points of error. First, he contends the trial court erred by admitting in evidence his attorney's letter to the TEC appeals tribunal presenting his appeal as a party-opponent admission. Next, he asserts there was not substantial evidence to support the trial court's finding that Edwards violated any employer policy, or even the existence and content of any employer policy. Finally, he argues that if there was an employer policy, the trial court used an erroneous legal standard in determining that it was reasonable.

### Summary of the Facts

Winn–Dixie fired Edwards for violation of its policy requiring employees in personal possession of merchandise while on duty to have a receipt for that merchandise. Ed-

wards picked up a pack of cigarettes and a bar of soap while he was sweeping the aisles. He placed the cigarettes in his pocket, and he placed the soap either in his pocket or on the floor where he pushed it along the aisle with his broom. He asserted he was intending to pay for the merchandise when he reached the registers, and he often carries items in his pockets because he only has one arm. However, instead of going directly to the registers and either paying for the merchandise or leaving it at the registers to pay for later, he went upstairs into the store restrooms to empty the trash. After Edwards came back downstairs, a manager stopped Edwards, accused him of theft, and fired him.

The TEC initially determined Edwards was eligible for unemployment benefits. However, Winn–Dixie appealed and requested a TEC appeals tribunal hearing. The tribunal examiner reversed the initial determination of eligibility, finding that Winn–Dixie had terminated Edwards for misconduct. *See* TEX. LAB.CODE ANN. § 212.101–.103 (Vernon 1996). Edwards then requested the TEC review the tribunal decision. *See id.* § 212.151. However, one of the three seats on the TEC was vacant, and the two remaining commissioners could not agree on a decision. Thus, the commission did not overturn the decision of the tribunal, and it remained in effect. Edwards then sued in the trial court under section 212.201 of the Texas Labor Code. *See id.* § 212.201. The trial court conducted a trial de novo and found substantial evidence to support the TEC ruling. *See id.* § 212.202.

STANDARD OF REVIEW

 Judicial review of an administrative decision regarding a former employee's right to unemployment benefits requires a trial de novo with substantial evidence review and, thus, is presumptively valid. *Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex.1986); *Olivarez v. Aluminum Corp. of Am.*, 693 S.W.2d 931, 932 (Tex.1985); *Texas Employment Comm'n v. Lewis*, 777 S.W.2d 817, 819–20 (Tex.App.— Fort Worth 1989, no writ); *Lairson v. Texas Employment Comm'n*, 742 S.W.2d 99, 101 (Tex.App.—Fort Worth 1987, no writ); *see*

TEX. LAB.CODE ANN. § 212.202 (Vernon 1996). Accordingly, there is an evidentiary trial, but only to determine whether the agency's ruling is free of the taint of any illegality and is reasonably supported by substantial evidence. *Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex.1984); *McKinley Iron Works v. Texas Employment Comm'n*, 917 S.W.2d 468, 470 (Tex.App.—Fort Worth 1996, no writ). "Substantial evidence" means that, on the evidence as a whole, reasonable minds could have reached the same conclusion the agency reached. *Texas State Bd. of Dental Examiners v. Sizemore*, 759 S.W.2d 114, 116 (Tex. 1988), *cert. denied*, 490 U.S. 1080, 109 S.Ct. 2100, 104 L.Ed.2d 662 (1989); *Dotson v. Texas State Bd. of Medical Examiners*, 612 S.W.2d 921, 922 (Tex.1981); *McKinley*, 917 S.W.2d at 470. The following principles govern a trial court's substantial evidence review:

- The court will hear and consider evidence to determine whether reasonable support for the agency's order exists, but the agency remains the primary factfinding body, and the question for the trial court is strictly one of law.

- The trial court may not substitute its judgment for the state agency's judgment on controverted fact issues.

- If the agency heard substantial evidence supporting either an affirmative or a negative finding, the trial court must allow the agency's order to stand, even if the court would have reached a different result.

- The trial court may not set aside the agency's ruling merely because there was conflicting or disputed testimony.

- The trial court is not concerned only with the correctness of the agency's order, but with its reasonableness.

*McKinley*, 917 S.W.2d at 470 (citing *Firemen's & Policemen's Civil Serv. Comm'n*, 662 S.W.2d at 956); *see also Olivarez*, 693 S.W.2d at 932; *Lewis v. Metropolitan Sav. & Loan Ass'n*, 550 S.W.2d 11, 13 (Tex.1977).

 The party seeking to set aside such an agency decision has the burden of proving it is not supported by substantial

evidence. *Mercer*, 701 S.W.2d at 831; *City of San Antonio v. Texas Water Comm'n*, 407 S.W.2d 752, 758 (Tex.1966). If the trial court finds substantial evidence supporting the agency's ruling, it must yield to the discretion exercised by the agency empowered to make that ruling. *Firemen's & Policemen's Civil Serv. Comm'n*, 662 S.W.2d at 956; *McKinley*, 917 S.W.2d at 470. The trial court may only examine the evidence the agency heard and determine if it was incredible, perjured, or unreasonable. *Id.; Trapp v. Shell Oil Co.*, 145 Tex. 323, 198 S.W.2d 424, 440 (1946). The reviewing court may not consider whether it was correct. *Id.* Accordingly, we may only set aside such an administrative decision if the agency decided without regard to the law or the facts, and the decision is, therefore, unreasonable, arbitrary, or capricious. *Mercer*, 701 S.W.2d at 831; *Texas Employment Comm'n v. Holberg*, 440 S.W.2d 38, 42 (Tex.1969).

Under section 207.044(a) of the Texas Labor Code, an individual is disqualified from receiving unemployment benefits if his former employer discharged him for misconduct. TEX. LAB. CODE ANN. § 207.044(a) (Vernon 1996). Section 201.012 of the Texas Labor Code provides a statutory definition for misconduct.

(a) "Misconduct" means mismanagement of a position of employment by action or inaction, neglect that jeopardizes the life or property of another, intentional wrongdoing or malfeasance, intentional violation of a law, or violation of a policy or rule adopted to ensure the orderly work and the safety of employees.

(b) The term "misconduct" does not include an act in response to an unconscionable act of an employer or superior.

*Id.* § 201.012. Accordingly, to prevail in the trial court, Edwards had to prove that no reasonable factfinder could have found his actions to be misconduct under this statute.

### PARTY ADMISSION

Edwards first contends the trial court erred by admitting into evidence, as a party-opponent admission, his attorney's letter appealing the TEC appeal tribunal's unfavorable decision. Edwards argues the trial court

should not have admitted the letter as a party admission under rule 801(e)(2) of the Texas Rules of Civil Evidence because (1) nothing in the letter was inconsistent with Edwards's position at trial, and (2) anything that his attorney may have admitted in the letter was not relevant. *See* TEX.R. CIV. EVID. 801(e)(2).

■ We will not address Edwards's argument that the letter was not inconsistent with his position for trial because this issue was not raised at trial and is not properly preserved. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. TEX.R.APP. P. 52(a); *see also* TEX.R. CIV. EVID. 103(a)(1). If a party fails to do this, error is not preserved, and the complaint is waived. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex.1991) (op. on reh'g).

■ At trial, Edwards's attorney objected that this evidence was not relevant. The trial court then admitted the evidence. Edwards's attorney then asked what it was he was supposed to have admitted, and opposing counsel responded that "the letter speaks for itself." The argument that the admission was not inconsistent with Edwards's position at trial was first raised in Edwards's motion for a new trial. Thus, the trial judge had no opportunity to know the nature of this alleged error at trial and could not rule on it before admitting this evidence. TEX.R.APP. P. 52(a); TEX.R. CIV. EVID. 103(a)(1); *PGP Gas Prod., Inc. v. Fariss*, 620 S.W.2d 559, 560 (Tex.1981). The complaint on appeal must be the same as that presented in the trial court. *Rogers v. Stell*, 835 S.W.2d 100, 101 (Tex.1992); *Mixon v. Nat'l Union Fire Ins. Co.*, 806 S.W.2d 332, 334 (Tex.App.—Fort Worth 1991, writ denied). Edwards has waived this argument, and we will not address its merits.

However, Edwards's relevancy argument is properly preserved. Under rule 401, any evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the ac-

tion more probable or less probable than it would be without the evidence." TEX.R. CIV. EVID. 401. Under rule 402, "[a]ll relevant evidence is admissible." *Id.* 402.

Winn–Dixie asserted that Edwards was discharged for violation of an employer policy. Accordingly, to find Edwards's actions constituted misconduct, a reasonable factfinder would have to find a "violation of a policy or rule adopted to ensure the orderly work and the safety of employees." TEX. LAB. CODE ANN. § 201.012 (Vernon 1996). To find violation of a policy or rule, a factfinder must find a reasonable policy or rule exists. *Lairson,* 742 S.W.2d at 101. Edwards's main position at trial was that there was not substantial evidence to support that the employer policy in question existed or what its content was and, thus, there was not substantial evidence to support the TEC's ruling that Edwards violated any employer policy.

▬ The letter in question states:

The facts are not in substantial dispute in this matter.... In any event, two salient facts are agreed upon: (1) Winn–Dixie had a policy (which, if it exists in written form, the undersigned has not seen) which was stated by its witnesses at hearing to be that an employee in possession of merchandise also was supposed to ·be in possession of a receipt for the merchandise; and (2) at the time Mr. Edwards was asked about the bar of soap and pack of cigarettes, by Rob Vann (the employer's "grocery manager"), he did not have a receipt for these items.

Whether Winn–Dixie had such a policy is a material fact in determining whether Edwards's termination resulted from his violation of a reasonable employer policy. The plain language of the letter admits the existence of such a policy. Thus, the letter tends to make the existence of a fact of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* TEX.R. CIV. EVID. 401. Accordingly, under rule 401, the evidence is relevant. *Id.* Because no other objection was raised, the evidence is admissible. *See id.* 402.

▬ The letter in question was written by Edwards's attorney. Thus, under rule 801(e)(2), the letter can only be offered as Edwards's party-opponent admission if it is "a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship." *Id.* 801(e)(2). To show an item is an admission by a party-opponent, the agency relationship must be established with some independent evidence. *State v. Buckner Constr. Co.,* 704 S.W.2d 837, 846 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) (citing *Texas Gen. Indem. Co. v. Scott,* 152 Tex. 1, 253 S.W.2d 651, 655–56 (1952)). Edwards testified that the letter was written by his attorney during the time and within the scope of his legal representation. Thus, TEC properly laid the necessary foundation for admission of this letter as a party admission.

Accordingly, the trial court did not err by admitting this letter into evidence as a party-opponent admission. We overrule the first point of error.

### SUBSTANTIAL EVIDENCE TO SUPPORT TRIAL COURT FINDING

Edwards next argues there was not substantial evidence to support the trial court's finding that Edwards violated any employer policy. He further asserts there was not even substantial evidence to establish the existence and content of any employer policy.

### *Existence and Content of an Employer Policy*

▬ However, we find there was substantial evidence of both the existence and content of the employer policy in question. Besides the letter from Edwards's attorney discussed above, the TEC admitted into evidence a statement, which was handwritten and signed by Edwards, admitting awareness of this policy: "I was aware [that] store policy required a receipt in order to have merchandise on your person." Moreover, Edwards admitted twice on cross-examination that he knew of this policy:

[TEC ATTORNEY:] ... Now, you said you were aware of that store policy requiring a receipt and possession, if you

also had merchandise in your possession that you were putting—you were acquiring in a personal nature, right?

[EDWARDS:] Well, I guess. I mean the signs were around, you know, that if you got something to have a receipt.

. . . .

[TEC ATTORNEY:] So you were aware that a policy required you to be in receipt of that item that you were carrying around as your own?

[EDWARDS:] Well, yes.

This is more than a scintilla of evidence regarding both the existence and the content of the employer policy in question. Accordingly, the trial court did not err in holding substantial evidence supported the TEC's finding that there was such an employer policy.

### Violation of the Employer Policy

■ Moreover, there was substantial evidence that Edwards violated this employer policy. Edwards placed the cigarettes in his pocket, got the soap, and then went upstairs into the restroom. The stairs leading up to the restrooms were only a few feet from the registers. It would have been a simple matter for Edwards to carry the items to the cash register and leave them in an open location for later purchase. Edwards testified that this was the practice among other employees. Alternatively, Edwards could have left the items on the shelf and purchased them after his shift. Or, he could have placed them in any open location where his employer would have been aware of them. However, he elected to go upstairs to collect the trash in the restrooms with the items still in his personal possession. This deviation from an immediate path to the cash registers convinces us that the trial court did not err when it held that the TEC's finding that Edwards violated this employer policy is supported by substantial evidence.

We overrule point of error two.

### REASONABLENESS OF EMPLOYER POLICY

In his third point of error, Edwards maintains that if there was an employer policy, the trial court used an erroneous legal standard in determining that it was reasonable. It is unclear from Edwards's argument what legal standard he contends the trial court should apply, but we will address his argument that the policy was unreasonable. This court has held that for a misconduct determination to be based on an employer policy, that policy should be reasonable. *Lairson*, 742 S.W.2d at 101. Edwards, as the party seeking to set aside this agency decision, has the burden of proving its reasonableness is not supported by substantial evidence. *Mercer*, 701 S.W.2d at 831; *Lairson*, 742 S.W.2d at 101.

Edwards asserts the policy is unreasonable because it would be physically impossible for an employee to take merchandise from a shelf in the store and transport it to the registers without violating the policy. Edwards maintains we must interpret the policy as requiring employees to have receipts for merchandise they are carrying to the registers to purchase. This is an unreasonable interpretation. However, although Edwards has put forth an unreasonable interpretation of the policy, he has failed to demonstrate why this policy cannot be interpreted reasonably.

We can construe this policy reasonably to require employees selecting items to buy to go promptly to the cash registers and leave the items for later purchase, and not hide the items on their persons or go upstairs into the restrooms. Accordingly, employees could select items they intended to buy later, but could not carry them around in their pockets while they worked. The TEC and the trial court each reached this same conclusion. Moreover, Edwards's testimony indicates that other employees seem to have understood the policy this way.

■ There is more than a scintilla of evidence that this policy is a reasonable policy, and a reasonable factfinder could conclude this policy is reasonable. Accordingly, we overrule point of error three. Because we overrule all points of error, we affirm the judgment of the trial court.

### CONCLUSION

The trial court properly ruled that a letter from Edwards's attorney admitting. that

Winn–Dixie had a policy requiring employees in personal possession of merchandise to have a receipt was admissible. Further, the trial court did nor err by ruling that substantial evidence supports the TEC's decision that Winn–Dixie terminated Edwards for misconduct. There is more than a scintilla of evidence supporting the existence and content of this policy, that it was reasonable, and that Edwards violated it. Consequently, we affirm the judgment of the trial court.