COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-236-CV

 

 

I GOTCHA, INC.                                                                                APPELLANT

 

                                                             V.

 

WANDA HOLZER AND
TEXAS                                                           APPELLEES

WORKFORCE
COMMISSION

 

                                                       ------------

 

                FROM
THE 43RD DISTRICT COURT OF PARKER COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------








I
Gotcha, Inc. appeals from the trial court=s
summary judgment in favor of Wanda Holzer and the Texas Workforce Commission
(TWC) on I Gotcha=s suit for judicial review
of TWC=s
decision to award unemployment compensation benefits (UCB) to Holzer.  In one issue, I Gotcha argues that the trial
court erred by granting summary judgment because Holzer was terminated for
cause.  I Gotcha has not shown that the
trial court erred by granting summary judgment, and, accordingly, we affirm.

In
2006, Holzer was an employee of I Gotcha. 
In February 2006, Holzer filed an Equal Employment Opportunity
Commission (EEOC) charge against I Gotcha. 
After I Gotcha terminated her employment in December 2006, Holzer filed
a claim for UCB with TWC.

On
February 1, 2007, TWC approved Holzer=s
claim for UCB after the TWC examiner determined that she had been terminated
for reasons other than work-connected misconduct.  This determination was affirmed by TWC=s
Appeals Tribunal in April 2007.  I Gotcha
appealed that determination to the TWC Commission Appeals, which in June 2007
adopted the findings of fact and conclusions of law of the Tribunal and
affirmed the Tribunal=s decision in all
respects.  That same month, Holzer
received right to sue notices from the EEOC.

On
June 25, 2007, I Gotcha filed suit in Tarrant County against Holzer and TWC for
judicial review of TWC=s determination to grant
Holzer UCB.  I Gotcha alleged that Holzer
had been discharged for work-connected misconduct under section 207.044 of the
labor code[2]
and that therefore no UCB were due to her.








In
October 2007, while I Gotcha=s
suit was pending, Holzer filed suit against I Gotcha in federal district
court.  She asserted claims of discrimination
based on her age, gender, and race; sexual harassment; and retaliation.  On February 25, 2009, after a jury trial, the
trial court signed a take nothing judgment on Holzer=s
claims.

In
the state court action, TWC and Holzer filed a joint motion for summary
judgment.  They asserted that there was
substantial evidence to support TWC=s
decision, and, therefore, as a matter of law, TWC=s
decision should be affirmed.  The trial
court granted the motion and entered a final judgment affirming TWC=s
decision on Holzer=s claim for unemployment
benefits.  I Gotcha now appeals.

In
one issue, I Gotcha argues that the trial court erred by granting summary
judgment for Holzer because Holzer was terminated for cause.  I Gotcha makes two arguments in support of
this issue: (1) Holzer failed to show or illustrate as a matter of law the
basis for her discharge or that the reason was not work-connected misconduct Aand
more importantly why the decision of the Texas Workforce Commission should be
affirmed@ and
(2) Holzer is barred by the doctrine of res judicata from asserting a case for
wrongful termination.








Judicial
review of a TWC determination is by trial de novo based on the substantial
evidence rule.[3]  The trial court conducts an evidentiary trial
to Adetermine
whether the agency=s ruling is free of the
taint of any illegality and is reasonably supported by substantial evidence.@[4]  In making this determination, Athe
issue is whether the evidence introduced before the trial court shows facts in
existence at the time of the [agency=s]
decision that reasonably support the decision,@[5]
that is, whether reasonable minds could have reached the same conclusion.[6]  The reviewing court may not substitute its
judgment for TWC=s on controverted fact
issues.[7]

We
first consider I Gotcha=s argument that the trial
court erred by granting summary judgment under the doctrine of res
judicata.  Res judicata is an affirmative
defense that must be pled and proven in the trial court.[8]  Thus, I Gotcha had the burden of pleading res
judicata and proving the elements of that affirmative defense.[9]  The entirety of I Gotcha=s
pleadings on res judicata in the trial court as they appeared in its response
to Appellees=
motion for summary judgment are as follows:

B.
The Federal Court judgment is a bar.

When Movant sued Respondent in her Federal
suit, Movant specifically sought damages for termination without cause among
other allegations.

The jury in the federal case found for
Respondent in a Atake nothing judgment@, on all Movant=s claims and causes
of action which was signed by the Federal Judge on February 25, 2009.








When
a court denies all relief not expressly granted, the court necessarily rules on
and denies all the pleaded causes of action, including any claim for wrongful
termination.  Thus, when the Judge in the
aforementioned Federal Case entered an order denying all relief, he made the
decision that Movant had no right to the benefits of a wrongful
termination.  Movant cannot, therefore,
come into this Court and now assert, after the denial of her claims and causes
of actions that she has a legal right to present a case for wrongful
termination.  Such a claim is barred by
the judgment in the Federal Court Case. 
Movant is therefore not entitled to summary judgment against Respondent
as to compensation for wrongful termination. [citation omitted]

I Gotcha did not use the
terms Ares
judicata,@ Acollateral
estoppel,@ Aissue
preclusion,@ or Aclaim
preclusion@ in
its response in the trial court.[10]  Assuming the preceding language was enough to
apprise the trial court that I Gotcha asserted claim preclusion (res judicata),
as opposed to issue preclusion (collateral estoppel),[11]
I Gotcha failed to prove all of the elements of res judicata.








We
determine the preclusive effect of a prior federal judgment by applying federal
law.[12]  Under federal law, res judicata applies
if:  A(1)
the parties are identical in both suits; (2) the prior judgment is rendered by
a court of competent jurisdiction; (3) there is a final judgment on the merits;
and (4) the same cause of action is involved in both cases.@[13]  A subsequent action based on state claims is
not precluded if the federal court did not possess jurisdiction over the state
claims or Awould
clearly have declined to exercise that jurisdiction as a matter of discretion.@[14]








We
first note that because the federal case had not been concluded (or even filed)
at the time that Holzer filed for UCB or at the time that TWC determined Holzer=s
right to UCB, the federal case obviously could not be res judicata to TWC=s
initial determination of Holzer=s
claim for UCB.  The federal court entered
judgment on Holzer=s federal claims while I
Gotcha=s
suit for judicial review was pending, and I Gotcha then sought to use res
judicata offensively to prevent Holzer from claiming UCB.  Even assuming that the federal judgment could
serve to bar Holzer from asserting wrongful termination or that she was not
discharged for work-connected misconduct,[15]
I Gotcha failed to meet its burden to establish the affirmative defense of res
judicata.  I Gotcha did not show that TWC
was a party to the federal lawsuit (and it could do not do so because TWC was
not a party to that suit), and it therefore failed to prove that TWC should be
bound by the judgment in the federal case. 
I Gotcha also failed to plead or show any basis on which the federal court
would have had jurisdiction over Holzer=s
UCB claim.[16]  I Gotcha thus did not carry its burden of
proof on its affirmative defense of res judicata.  Accordingly, we reject I Gotcha=s
argument that the trial court erred by granting summary judgment because Holzer=s
UCB claim was barred by res judicata.








Although
its brief and its response to the summary judgment motion appeared to assert
claim preclusion, because I Gotcha focused on the issue of wrongful
termination, I Gotcha may have been attempting to assert offensively the
doctrine of collateral estoppel.  But
whether to allow a party to use collateral estoppel offensively is within the
trial court=s
discretion,[17]
and I Gotcha makes no argument about why the trial court abused its discretion
by not allowing it to do so in this case.[18]  To the extent that I Gotcha argues collateral
estoppel applies, we overrule that argument.

We
next consider I Gotcha=s argument that the trial
court erred by granting summary judgment because TWC=s
determination was not supported by substantial evidence.  Specifically, I Gotcha claims that Holzer
failed to show as a matter of law the basis for her discharge and that the
reason was not work-connected misconduct.








When
Holzer filed her claim for UCB, she did not have to establish that she was not
discharged for work-connected misconduct.[19]  That was not her burden.  Instead, once TWC notified I Gotcha of Holzer=s
claim for benefits, I Gotcha had the burden to notify TWC of any facts that may
have adversely affected Holzer=s
right to benefits, and I Gotcha=s
failure to do so would have resulted in I Gotcha=s
waiver of all rights in connection with Holzer=s
claim.[20]  After TWC made a determination that Holzer
was entitled to UCB, I Gotcha had the right to appeal that determination
through administrative proceedings with TWC and, after exhausting its
administrative remedies, to file a claim for judicial review in the trial
court.[21]  When I Gotcha filed its claim for judicial
review, it again had the burden, this time, to establish that TWC=s
determination was unreasonable.[22]  Thus, we reject I Gotcha=s
assertion that Holzer had any burden in the trial court to establish the
grounds for her discharge.

On
appeal, the extent of I Gotcha=s
argument on the grounds for Holzer=s
discharge and whether TWC=s decision was unreasonable
is this sentence:  AThe
affidavit of Walt Duncan, majority shareholder, director and President of [I
Gotcha] list [sic] the exhibits introduced in the aformentioned federal case
which pertain to the issue whether [I Gotcha] had cause to terminate [Holzer=s]
employment.@  These exhibits take up fifty-seven pages of
the record.  I Gotcha does not direct
this court to any specific evidence in the record, nor does it make any
argument as to how any evidence in the record points to the conclusion that TWC=s
decision was unreasonable.[23]  Accordingly, we overrule this argument and I
Gotcha=s
sole issue on appeal.








Having
overruled I Gotcha=s sole issue, we affirm the
trial court=s
judgment.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

 

DELIVERED:  July 1, 2010











[1]See Tex. R. App. P.
47.4.





[2]Tex. Lab. Code Ann. ' 207.044(a) (Vernon
2006) (providing that an individual is disqualified for benefits if the person
was discharged for misconduct connected with the person=s last work); see
id. ' 201.012(a) (defining
the term Amisconduct@).





[3]Id. ' 212.202(a) (Vernon
2006).





[4]Edwards v. Tex.
Employment Comm=n, 936 S.W.2d 462, 465
(Tex. App.CFort Worth 1996, no
writ).





[5]Collingsworth Gen.
Hosp. v. Hunnicutt,
988 S.W.2d 706, 708 (Tex. 1998).





[6]Edwards, 936 S.W.2d at 465.





[7]Id.





[8]Tex. R. Civ. P. 94; Worldpeace
v. Comm=n for Lawyer
Discipline,
183 S.W.3d 451, 458B59 (Tex. App.CHouston [14th Dist.]
2005, pet. denied).





[9]See Tex. R. Civ. P. 94.





[10]See In re M.K.R., 216 S.W.3d 58, 62B63 (Tex. App.CFort Worth 2007, no
pet.) (noting that Ares judicata@ is a generic term
for concepts concerning the conclusive effects of final judgments and that the
term includes the doctrine of Aclaim preclusion,@ or res judicata,
which prevents the relitigation of a claim that has been finally
adjudicated, Aas well as related
matters that, with the use of diligence, should have been litigated in the
prior suit@ and the doctrine of Aissue preclusion,@ or Acollateral estoppel,@ which prevents
relitigation of particular issues resolved in a prior suit).





[11]See Tex. R. App. P.
33.1(a) (stating that in order to preserve a complaint for appellate review,
the record must show that the complaint was made to the trial court).





[12]Eagle Props., Ltd. v.
Scharbauer,
807 S.W.2d 714, 718 (Tex. 1990).





[13]Id.





[14]Id.





[15]We note that TWC=s determination was
made prior to the federal court=s judgment.  See Igal v. Brightstar Info. Tech. Group,
Inc., 250 S.W.3d 78, 87 (Tex. 2008) (noting that when TWC acts in a
judicial capacity, res judicata will generally apply to final TWC orders); Scurlock
Oil Co. v. Smithwick, 724 S.W.2d 1, 6 (Tex. 1986) (holding that Aa judgment is final
for the purposes of issue and claim preclusion >despite the taking of
an appeal unless what is called an appeal actually consists of a trial de novo=@).





[16]Eagle Props., 807 S.W.2d at 718B19, 721 (noting that
there was no basis of federal jurisdiction over the state court causes of
action subsequently brought by the appellants, and therefore, res judicata did
not apply to those claims).





[17]Parklane Hosiery Co.
v. Shore,
439 U.S. 322, 331, 99 S. Ct. 645, 652 (1979); Goldstein v. Comm=n for Lawyer
Discipline,
109 S.W.3d 810, 812B13 (Tex. App.CDallas 2003, pet.
denied).





[18]See Goldstein, 109 S.W.3d at 813
(listing factors that a trial court must consider in determining whether to
apply collateral estoppel offensively and concluding that the trial court did
not abuse its discretion by giving collateral estoppel effect to findings in a
prior suit).





[19]See Tex. Lab. Code Ann. ' 207.021 (providing
that an unemployed individual is eligible to receive UCB if the individual
meets the listed requirements).





[20]See id. ' 208.004.





[21]See id. '' 212.053, 212.151,
212.203.





[22]See id. ' 212.202 (applying
the substantial evidence rule to judicial review of TWC=s decision); Edwards,
936 S.W.2d at 465.





[23]See Tex. R. App. P.
38.1(i) (stating that the appellant=s brief must contain a clear and concise
argument for the contentions made with appropriate citations to the record); Shelton
v. Sargent, 144 S.W.3d 113, 128B29 (Tex. App.CFort Worth 2004, pet.
denied) (noting that A[a]n appellate
contention must be supported by argument and authorities to be properly before
this court@ and that A[w]e do not have a
duty to perform an independent review of the record and applicable law to
determine whether the error complained of occurred@).