

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-09-236-CV**

I GOTCHA, INC.                                                     APPELLANT

V.

WANDA HOLZER AND TEXAS                                            APPELLEES
WORKFORCE COMMISSION

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

## MEMORANDUM OPINION[1]

------------

I Gotcha, Inc. appeals from the trial court's summary judgment in favor of

Wanda Holzer and the Texas Workforce Commission (TWC) on I Gotcha's suit for

judicial review of TWC's decision to award unemployment compensation benefits

(UCB) to Holzer.  In one issue, I Gotcha argues that the trial court erred by granting

summary judgment because Holzer was terminated for cause.  I Gotcha has not

---

[1] *See* Tex. R. App. P. 47.4.

shown that the trial court erred by granting summary judgment, and, accordingly, we affirm.

In 2006, Holzer was an employee of I Gotcha. In February 2006, Holzer filed an Equal Employment Opportunity Commission (EEOC) charge against I Gotcha. After I Gotcha terminated her employment in December 2006, Holzer filed a claim for UCB with TWC.

On February 1, 2007, TWC approved Holzer's claim for UCB after the TWC examiner determined that she had been terminated for reasons other than work-connected misconduct. This determination was affirmed by TWC's Appeals Tribunal in April 2007. I Gotcha appealed that determination to the TWC Commission Appeals, which in June 2007 adopted the findings of fact and conclusions of law of the Tribunal and affirmed the Tribunal's decision in all respects. That same month, Holzer received right to sue notices from the EEOC.

On June 25, 2007, I Gotcha filed suit in Tarrant County against Holzer and TWC for judicial review of TWC's determination to grant Holzer UCB. I Gotcha alleged that Holzer had been discharged for work-connected misconduct under section 207.044 of the labor code[2] and that therefore no UCB were due to her.

---

[2] Tex. Lab. Code Ann. § 207.044(a) (Vernon 2006) (providing that an individual is disqualified for benefits if the person was discharged for misconduct connected with the person's last work); *see id.* § 201.012(a) (defining the term "misconduct").

In October 2007, while I Gotcha's suit was pending, Holzer filed suit against I Gotcha in federal district court. She asserted claims of discrimination based on her age, gender, and race; sexual harassment; and retaliation. On February 25, 2009, after a jury trial, the trial court signed a take nothing judgment on Holzer's claims.

In the state court action, TWC and Holzer filed a joint motion for summary judgment. They asserted that there was substantial evidence to support TWC's decision, and, therefore, as a matter of law, TWC's decision should be affirmed. The trial court granted the motion and entered a final judgment affirming TWC's decision on Holzer's claim for unemployment benefits. I Gotcha now appeals.

In one issue, I Gotcha argues that the trial court erred by granting summary judgment for Holzer because Holzer was terminated for cause. I Gotcha makes two arguments in support of this issue: (1) Holzer failed to show or illustrate as a matter of law the basis for her discharge or that the reason was not work-connected misconduct "and more importantly why the decision of the Texas Workforce Commission should be affirmed" and (2) Holzer is barred by the doctrine of res judicata from asserting a case for wrongful termination.

Judicial review of a TWC determination is by trial de novo based on the substantial evidence rule.[3] The trial court conducts an evidentiary trial to "determine whether the agency's ruling is free of the taint of any illegality and is reasonably

---

[3] *Id.* § 212.202(a) (Vernon 2006).

supported by substantial evidence."[4]  In making this determination, "the issue is whether the evidence introduced before the trial court shows facts in existence at the time of the [agency's] decision that reasonably support the decision,"[5] that is, whether reasonable minds could have reached the same conclusion.[6] The reviewing court may not substitute its judgment for TWC's on controverted fact issues.[7]

We first consider I Gotcha's argument that the trial court erred by granting summary judgment under the doctrine of res judicata.  Res judicata is an affirmative defense that must be pled and proven in the trial court.[8]  Thus, I Gotcha had the burden of pleading res judicata and proving the elements of that affirmative defense.[9]  The entirety of I Gotcha's pleadings on res judicata in the trial court as they appeared in its response to Appellees' motion for summary judgment are as follows:

> **B. The Federal Court judgment is a bar.**
> When Movant sued Respondent in her Federal suit, Movant specifically sought damages for termination without cause among other allegations.

---

[4] *Edwards v. Tex. Employment Comm'n*, 936 S.W.2d 462, 465 (Tex. App.—Fort Worth 1996, no writ).

[5] *Collingsworth Gen. Hosp. v. Hunnicutt*, 988 S.W.2d 706, 708 (Tex. 1998).

[6] *Edwards*, 936 S.W.2d at 465.

[7] *Id.*

[8] Tex. R. Civ. P. 94; *Worldpeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 458–59 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

[9] *See* Tex. R. Civ. P. 94.

The jury in the federal case found for Respondent in a "take nothing judgment", on all Movant's claims and causes of action which was signed by the Federal Judge on February 25, 2009.

When a court denies all relief not expressly granted, the court necessarily rules on and denies all the pleaded causes of action, including any claim for wrongful termination. Thus, when the Judge in the aforementioned Federal Case entered an order denying all relief, he made the decision that Movant had no right to the benefits of a wrongful termination. Movant cannot, therefore, come into this Court and now assert, after the denial of her claims and causes of actions that she has a legal right to present a case for wrongful termination. Such a claim is barred by the judgment in the Federal Court Case. Movant is therefore not entitled to summary judgment against Respondent as to compensation for wrongful termination. [citation omitted]

I Gotcha did not use the terms "res judicata," "collateral estoppel," "issue preclusion," or "claim preclusion" in its response in the trial court.[10] Assuming the preceding language was enough to apprise the trial court that I Gotcha asserted claim preclusion (res judicata), as opposed to issue preclusion (collateral estoppel),[11] I Gotcha failed to prove all of the elements of res judicata.

---

[10] *See In re M.K.R.*, 216 S.W.3d 58, 62–63 (Tex. App.—Fort Worth 2007, no pet.) (noting that "res judicata" is a generic term for concepts concerning the conclusive effects of final judgments and that the term includes the doctrine of "claim preclusion," or res judicata, which prevents the relitigation of a *claim* that has been finally adjudicated, "as well as related matters that, with the use of diligence, should have been litigated in the prior suit" and the doctrine of "issue preclusion," or "collateral estoppel," which prevents relitigation of particular *issues* resolved in a prior suit).

[11] *See* Tex. R. App. P. 33.1(a) (stating that in order to preserve a complaint for appellate review, the record must show that the complaint was made to the trial court).

We determine the preclusive effect of a prior federal judgment by applying federal law.[12] Under federal law, res judicata applies if: "(1) the parties are identical in both suits; (2) the prior judgment is rendered by a court of competent jurisdiction; (3) there is a final judgment on the merits; and (4) the same cause of action is involved in both cases."[13] A subsequent action based on state claims is not precluded if the federal court did not possess jurisdiction over the state claims or "would clearly have declined to exercise that jurisdiction as a matter of discretion."[14]

We first note that because the federal case had not been concluded (or even filed) at the time that Holzer filed for UCB or at the time that TWC determined Holzer's right to UCB, the federal case obviously could not be res judicata to TWC's initial determination of Holzer's claim for UCB. The federal court entered judgment on Holzer's federal claims while I Gotcha's suit for judicial review was pending, and I Gotcha then sought to use res judicata offensively to prevent Holzer from claiming UCB. Even assuming that the federal judgment could serve to bar Holzer from asserting wrongful termination or that she was not discharged for work-connected misconduct,[15] I Gotcha failed to meet its burden to establish the affirmative defense

---

[12] *Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 718 (Tex. 1990).

[13] *Id.*

[14] *Id.*

[15] We note that TWC's determination was made prior to the federal court's judgment. *See Igal v. Brightstar Info. Tech. Group, Inc.*, 250 S.W.3d 78, 87 (Tex. 2008) (noting that when TWC acts in a judicial capacity, res judicata will generally

6

of res judicata. I Gotcha did not show that TWC was a party to the federal lawsuit (and it could do not do so because TWC was not a party to that suit), and it therefore failed to prove that TWC should be bound by the judgment in the federal case. I Gotcha also failed to plead or show any basis on which the federal court would have had jurisdiction over Holzer's UCB claim.[16] I Gotcha thus did not carry its burden of proof on its affirmative defense of res judicata. Accordingly, we reject I Gotcha's argument that the trial court erred by granting summary judgment because Holzer's UCB claim was barred by res judicata.

Although its brief and its response to the summary judgment motion appeared to assert claim preclusion, because I Gotcha focused on the issue of wrongful termination, I Gotcha may have been attempting to assert offensively the doctrine of collateral estoppel. But whether to allow a party to use collateral estoppel offensively is within the trial court's discretion,[17] and I Gotcha makes no argument about why the trial court abused its discretion by not allowing it to do so in this

---

apply to final TWC orders); *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986) (holding that "a judgment is final for the purposes of issue and claim preclusion 'despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo'").

[16] *Eagle Props.*, 807 S.W.2d at 718–19, 721 (noting that there was no basis of federal jurisdiction over the state court causes of action subsequently brought by the appellants, and therefore, res judicata did not apply to those claims).

[17] *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331, 99 S. Ct. 645, 652 (1979); *Goldstein v. Comm'n for Lawyer Discipline*, 109 S.W.3d 810, 812–13 (Tex. App.—Dallas 2003, pet. denied).

case.[18]  To the extent that I Gotcha argues collateral estoppel applies, we overrule that argument.

We next consider I Gotcha's argument that the trial court erred by granting summary judgment because TWC's determination was not supported by substantial evidence.  Specifically, I Gotcha claims that Holzer failed to show as a matter of law the basis for her discharge and that the reason was not work-connected misconduct.

When Holzer filed her claim for UCB, she did not have to establish that she was not discharged for work-connected misconduct.[19]  That was not her burden. Instead, once TWC notified I Gotcha of Holzer's claim for benefits, I Gotcha had the burden to notify TWC of any facts that may have adversely affected Holzer's right to benefits, and I Gotcha's failure to do so would have resulted in I Gotcha's waiver of all rights in connection with Holzer's claim.[20]  After TWC made a determination that Holzer was entitled to UCB, I Gotcha had the right to appeal that determination through administrative proceedings with TWC and, after exhausting its administrative remedies, to file a claim for judicial review in the trial court.[21]  When I Gotcha filed

---

[18] *See Goldstein*, 109 S.W.3d at 813 (listing factors that a trial court must consider in determining whether to apply collateral estoppel offensively and concluding that the trial court did not abuse its discretion by giving collateral estoppel effect to findings in a prior suit).

[19] *See* Tex. Lab. Code Ann. § 207.021 (providing that an unemployed individual is eligible to receive UCB if the individual meets the listed requirements).

[20] *See id.* § 208.004.

[21] *See id.* §§ 212.053, 212.151, 212.203.

its claim for judicial review, it again had the burden, this time, to establish that TWC's determination was unreasonable.[22] Thus, we reject I Gotcha's assertion that Holzer had any burden in the trial court to establish the grounds for her discharge.

On appeal, the extent of I Gotcha's argument on the grounds for Holzer's discharge and whether TWC's decision was unreasonable is this sentence: "The affidavit of Walt Duncan, majority shareholder, director and President of [I Gotcha] list [sic] the exhibits introduced in the aforementioned federal case which pertain to the issue whether [I Gotcha] had cause to terminate [Holzer's] employment." These exhibits take up fifty-seven pages of the record. I Gotcha does not direct this court to any specific evidence in the record, nor does it make any argument as to how any evidence in the record points to the conclusion that TWC's decision was unreasonable.[23] Accordingly, we overrule this argument and I Gotcha's sole issue on appeal.

---

[22] *See id.* § 212.202 (applying the substantial evidence rule to judicial review of TWC's decision); *Edwards*, 936 S.W.2d at 465.

[23] *See* Tex. R. App. P. 38.1(i) (stating that the appellant's brief must contain a clear and concise argument for the contentions made with appropriate citations to the record); *Shelton v. Sargent*, 144 S.W.3d 113, 128–29 (Tex. App.—Fort Worth 2004, pet. denied) (noting that "[a]n appellate contention must be supported by argument and authorities to be properly before this court" and that "[w]e do not have a duty to perform an independent review of the record and applicable law to determine whether the error complained of occurred").

Having overruled I Gotcha's sole issue, we affirm the trial court's judgment.

                                                LEE ANN DAUPHINOT
                                                JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DELIVERED:  July 1, 2010